

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION
VI

| | |
|---|---|
| **NATHAN MASON AND MASON'S AUTOMOTIVE COLLISION CENTER, LLC** | **PLAINTIFFS** |
| VS.      CASE NO. CV-2020-_57_ | |
| **AUTO-OWNERS INSURANCE COMPANY** | **DEFENDANT** |

## COMPLAINT

COME NOW the Plaintiffs, Nathan Mason and Mason's Automotive Collision Center, LLC, by and through their attorney, Phillip J. Milligan, and for their Complaint against the Defendant, Auto-Owners Insurance Company, state and allege as follows:

1. That the Plaintiff, Nathan Mason, is a citizen and resident of the City of Van Buren, Crawford County, Arkansas.

2. That the Plaintiff, Mason's Automotive Collision Center, LLC, is a limited liability corporation licensed to conduct business in the State of Arkansas with its principal place of business located at 4306 Towson Avenue, Fort Smith, Arkansas.

3. That the Defendant, Auto-Owners Insurance Agency (hereinafter referred to as Auto-Owners) is a Michigan Company licensed to conduct business in the State of Arkansas.

4. That venue and jurisdiction are proper before this Court.

**EXHIBIT A**

5. That as a result of a confirmed tornado in Fort Smith, Arkansas on May 18, 2019 at approximately 2:00 p.m., Plaintiffs' business, premises, real property, equipment, and other belongings were damaged as a result of high winds and other associated perils as a result of the tornado on said date. Specifically, damages included damage to the roof and roofing structure, water damages resulting from the roof damage, interior components both structurally and cosmetically in the real property owned by Plaintiffs. Other equipment and other tools of the trade, as well as fixtures inside the property were damaged as a result of wind and/or water resulting from the tornado.

6. That Plaintiffs further suffer from economic damage, including loss of earnings or loss of customers business as a result of the premises being in damaged condition, and some of the internal equipment, including but not limited to the paint booth, not being fully functional as a result of the damages sustained in the tornado.

7. That at the time of the tornado, Plaintiffs had in full force and effect a policy of property and business owners catastrophic damage insurance coverage, covering the business premises, structure, equipment and tools of the trade, and other fixtures, all of which in some capacity were damaged totally or partially as a result of the tornado and consequences of the tornado on May 18, 2019.

8. That Plaintiffs promptly, upon ascertaining damages as a result of the tornado to the business premises, immediately contacted the Defendant by and through its agent, namely, Brent Freuh and notified them of the claim. The agent of Defendant, Brent Freuh is a licensed agent of Defendant, Auto-Owners, and at all times relevant was an agent of Defendant when writing the policy of catastrophic insurance coverage protecting Plaintiffs

from resulting damages from storms or other catastrophic events.

9. That the total damages are unable to be ascertained as a result of the failure of Defendant in improperly underwriting the claim and paying for necessary repairs to the roof, such that further water damage would be prohibited and prevented. The damage for replacement of the roof of Plaintiffs' building is in and of itself in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) per bids received.

10. The assigned adjuster, namely, Brian Doherty, made numerous visits to Plaintiffs' building and business to ascertain damage and was fully aware that the building could not be secured from further water damage without replacing the roof; however, Defendant's agent, Brian Doherty and Defendant, Auto-Owners, failed and refused to pay for damages to the roof per estimates and the policy of coverage afforded to Plaintiffs.

11. That at the time of purchase of Plaintiffs' building and business at 4306 Towson Avenue, Fort Smith, Arkansas, Plaintiff contacted Brent Freuh regarding the purchase of commercial catastrophic insurance coverage covering the building, contents, fixtures and loss of earnings should a catastrophic event cause Plaintiffs damage. Brent Freuh, as agent of the Defendant, Auto-Owners was fully aware of the value of the building and other insurable contents, including fixtures and equipment, and made the decision on the amount of coverage needed in case of a catastrophic event. Brent Freuh decided that the value of the building for insurance purposes did not exceed the sum and amount of THREE HUNDRED NINETY-SEVEN THOUSAND FIVE HUNDRED SEVENTY-SIX DOLLARS ($397,576.00).

12. That as a result of the evaluation of the value for rebuilding the building based

upon the calculations conducted by Brent Freuh, Plaintiffs elected to purchase the insurance coverage suggested by Auto-Owners.

13. That after the tornado caused extensive damage to Plaintiffs' building and equipment, Plaintiffs promptly filed a claim in accordance with the policy provisions.

14. That as a result of the claim filing, Auto-Owners assigned an adjuster to evaluate the claim. During the evaluation process, Auto-Owners adjuster secured an estimate for the rebuilding value of the building and structure to be in excess of EIGHT HUNDRED THOUSAND DOLLARS ($800,000.00). The evaluation was done by an appraiser / evaluator who had no knowledge of Fort Smith, Arkansas, and used suspect practices in ascertaining the rebuilding value of the building and structure insured.

15. Importantly, the purpose of the evaluation and excessive appraisal value was pursuant to policy provisions and the policy in question concerning undervaluing of the business and structure for insurance purposes. There exists a provision in the policy which states:

> F. Additional Conditions. The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
>
> 1. Coinsurance. If a Coinsurance percentage is shown in the Declarations, the following condition applies:
>
>    a. We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

16. By overvaluing the building and structure for replacement value, the adjuster and Auto-Owners then reduced Plaintiffs' claim by the alleged appropriate percentage

pursuant to said policy provision, claiming that at the time of the purchase of the policy the Plaintiffs undervalued the building and structure, thus, calling into question the undervalued provision of the policy.

17. That the act of the company, by and through its agents, including Brian Doherty, the adjuster assigned to evaluate the claim amounts to an affirmative act in an effort to avoid an otherwise valid claim.

18. That Plaintiffs, in an effort to show the true value of the building, hired an appraiser in the Fort Smith, Arkansas area, who is familiar with the local economy and value of Plaintiffs' building and structure, accurately placing a value on the building at the time of the tornado and damage at FIVE HUNDRED TWENTY-TWO THOUSAND DOLLARS ($522,000.00).

19. That despite being provided with this information, Auto-Owners fails and continuously refuses to pay the claim, as per its policy with Plaintiffs, specifically claiming extensive reductions in the paid claim due to an alleged undervaluing of the property.

## **BREACH OF CONTRACT**

20. That Plaintiffs adopt and reallege the material factual allegations contained in Paragraphs 1 through 20 above and incorporates same herein.

21. That Auto-Owners, after having all information available, has continuously, systematically refused to pay a valid claim for tornado damage to the Plaintiffs' structure and other contents as insured.

22. That by failing and refusing to pay a valid claim, Auto-Owners is in breach of its contract of catastrophic insurance coverage covering the building, structure, contents,

and other equipment and fixtures of Plaintiffs.

23. That Plaintiffs demanded the sum and amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) to satisfy the claim, which demand was refused by Auto-Owners.

24. That pursuant to Ark. Code Ann. § 23-79-208, the Plaintiffs have filed this action against an insurance carrier as that term is defined in this statute, such that Plaintiffs should be entitled to a TWELVE PERCENT (12%) penalty and all attorney's fees.

25. That at all times relevant, Auto-Onwers' adjuster, Brian Doherty, was operating as the agent, employee, servant, or representative of Auto-Owners.

26. That Plaintiffs contacted Agent, Brent Freuh, to assist in obtaining a commercial catastrophic insurance policy on Plaintiffs' business, structure and contents should a catastrophic event, such as a tornado occur causing Plaintiffs' damage.

27. That Agent, Brent Freuh, undertook to evaluate the Plaintiffs' commercial insurance needs and suggested and wrote the policy of insurance covering the Plaintiffs' business, structure, building, and contents, as per the Exhibit "1" to this Complaint.

28. That Agent, Brent Freuh, while operating in the course and scope of his employment agency representation for services of Auto-Owners, evaluated Plaintiffs' commercial catastrophic insurance needs and wrote the policy attached as Exhibit "1" in accordance with Auto-Owners evaluation of the business, structure, building, and contents, in particularly the value of the building and structure for totally replacement purposes.

29. That Plaintiffs relied upon the evaluation and insurance needs as suggested by Agent, Brent Freuh and accepted the policy as suggested, and paid all policy premiums

as due and required.

30.     That the actions, omissions, and other course of conduct of Separate Defendant, Brian Doherty, was within the course and scope of his employment or agency such that *Respondeat Superior* liability exists to Auto-Owners.

## BAD FAITH

31.     That Plaintiffs adopt and reallege the material factual allegations contained in Paragraphs 1 through 33 above and incorporates same herein.

32.     That the actions of Auto-Owners and its adjuster, Brian Doherty, amount to bad faith as that term and cause of action is defined in the State of Arkansas.

33.     That the gross over valuation of the Plaintiff's building and structure as dictated by Separate Defendant, Auto-Owners by the assigned appraiser, valuing the building in excess of EIGHT HUNDRED THOUSAND DOLLARS ($800,000.00) amounts to an affirmative act in an effort to avoid an otherwise valid claim. The gross overvaluation by the appointed appraiser of Separate Defendant, Auto-Owners without knowledge of the Fort Smith, Arkansas area, Towson Avenue commercial building values, or otherwise specialized knowledge as utilized by certified appraisers by comparison approach, affirmatively establishes a factual issue as to whether Auto-Owners engaged in conduct accounting to affirmative action in devaluing Plaintiff's claim as a result of wind and/or water damage from the resulting tornado in the Fort Smith, Arkansas area. That the affirmative actions and conduct of Auto-Owners and its agents, including its adjuster Brian Doherty amounts to bad-faith as that cause of action is defined under relevant Arkansas law entitling Plaintiff to punitive damages, costs and attorney's fees.

34. That at all times relevant, Separate Defendants, had a duty of good-faith and fair dealing with its insured, namely Plaintiff.

35. That the acts, omissions, representations and misrepresentations made by Separate Defendant, Auto-Owners, and its agents, employees, representatives, and adjusters amounts to a material affirmative act of misconduct, such that said act is dishonest, oppressive, or is carried out with a state of mind characterized by ill-will as to otherwise avoid a valid claim. Specifically, the act of Separate Defendant, Auto-Owners, its agents, employees, adjusters or representatives in grossly overvaluing the premises for purposes of its under-insured provision without proper documentation, appropriate valuation, or proper and appropriate valuation practices is an affirmative act to otherwise avoid a valid claim by invoking the under-insured provision of the contract substantially decreasing the total value of Plaintiff's catastrophic property damage claim.

36. That at all times relevant, Separate Defendant, Auto-Owners, and its agents, employees, adjusters, representatives, and servants represented to Plaintiff that under the terms of the policy, specifically the under-insured policy provision, it was justified in reducing the claim of Plaintiff by an alleged appropriate percentage under the relevant provision of the contract. Said representation was false, misleading, and is affirmative misconduct, dishonest, oppressive, and carried out with ill-will in an attempt to minimize Plaintiff's valid claim.

## DAMAGES

37. As such, Plaintiff should be awarded all damages, including punitive damages against Auto-Owners as proof at trial warrants.

38. That Plaintiff has suffered damages to Plaintiff's real property, premises, business property, and equipment, belongings, fixtures, and other equipment within the premises as a direct result of the confirmed tornado on May 18, 2019, and resulting in water damage from same.

39. That Plaintiff has been out-of-pocket in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) in repairing the property as a result of the tornado damage and resulting water damage to the building, property, and business premises, which to date has been unreimbursed by Separate Defendant, Auto-Owners.

40. That a demand for the sum and amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) was made upon Separate Defendant, Auto-Owners for satisfaction of all damages and claims with same demand being discounted approximately FIFTY PERCENT (50%) by the under-insured provision of the contract by a fraudulent misrepresentation and overvaluation of the building by Separate Defendant, Auto-Owners, or its agents, employees, adjusters, representatives, and servants.

41. That Plaintiff has been out attorney's fees and other costs amounting to damages recoverable in an amount that proof at trial warrants.

42. That Plaintiff is entitled to damages from Auto-Owners as follows:

   a. All damages due and payable under the policy of catastrophic insurance coverage, such that proof at trial warrants, and that sum and amount exceeds ONE HUNDRED SEVENTY-FIVE THOUSAND DOLLARS;

   b. All costs, attorney's fees and a TWELVE PERCENT (12%) penalty pursuant to Ark. Code Ann. § 23-79-208;

    c.    Punitive damages due to the handling of the claim by Auto-Owners which amounts to bad-faith; and

    d.    All other damages to which the Plaintiff shows itself entitled under relevant Arkansas law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for damages in an amount that proof of trial warrants, and that amount exceeds Federal Jurisdictional limits; for costs; for attorney's fees; for a statutory TWELVE PERCENT (12%) penalty; punitive damages; and for any and all other relief to which the Plaintiff shows itself entitled.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                                MILLIGAN LAW OFFICES

By: _____
PHILLIP J. MILLIGAN, ABA #92055
Milligan Law Offices
500 So. 16th Street
P.O. Box 2347
Fort Smith, AR 72902-2347
Telephone No. (479) 783-2213
Facsimile No. (479) 783-4329

ATTORNEY FOR PLAINTIFF

# Auto-Owners

Issued    12-26-2017

**INSURANCE COMPANY**
6101 ANACAPRI BLVD., LANSING, MI 48917-3999

**TAILORED PROTECTION POLICY DECLARATIONS**

| AGENCY | INSURANCE CENTER INC |
| --- | --- |
| | 24-0132-00     MKT TERR 116     501-223-2400 |

New Business Effective    12-20-2017
**POLICY NUMBER**    175024-70545480-17
Company Use    70-50-AR-1712

| INSURED | MASON'S AUTOMOTIVE COLLISION CENTER INC |
| --- | --- |
| | C/O NATHAN MASON |
| ADDRESS | 4300 TOWSON AVE |
| | FORT SMITH AR 72901-7955 |

Company Bill

| Policy Term | |
| --- | --- |
| 12:01 a.m. | 12:01 a.m. |
| 12-20-2017 to | 12-20-2018 |

55039 (11-87)

## COMMON POLICY INFORMATION

**Business Description:** Auto Body Shop

**Entity:** Limited Liab Corp

**Discount Applies For Affiliation With:** Fort Smith Chamber Of Commerce

| THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PART(S): | PREMIUM |
| --- | --- |
| COMMERCIAL PROPERTY COVERAGE | $1,915.00 |
| MINIMUM GARAGE PLUS PREMIUM ADJUSTMENT (CP) | $29.00 |
| TOTAL | $1,944.00 |
| PAID IN FULL DISCOUNT | $199.00 |
| TOTAL POLICY PREMIUM IF PAID IN FULL | $1,745.00 |

THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.
The Paid in Full Discount does not apply to fixed fees, statutory charges or minimum premiums.

Forms that apply to all coverage part(s) shown above (except garage liability, dealer's blanket, commercial automobile, if applicable):
55000 (07-12)     59192 (01-15)

Countersigned By: _____

**EXHIBIT**
"1"

Auto-Owners Ins. Co.     Issued 12-26-2017

AGENCY INSURANCE CENTER INC     Company Bill     POLICY NUMBER 175024-70545480-17
24-0132-00    MKT TERR 116     70-50-AR-1712

INSURED, MASON'S AUTOMOTIVE COLLISION     Term 12-20-2017 to 12-20-2018

54104 (07-87)

## COMMERCIAL PROPERTY COVERAGE

55198 (12-10)

## STANDARD GARAGE PROPERTY PLUS COVERAGE PACKAGE DECLARATIONS

The coverages and limits below apply separately to each location or sublocation that sustains a loss to covered property and is designated in the Commercial Property Coverage Declarations.

** The deductible (DED) which applies to each coverage indicated below is the same as the deductible which applies to each location and sublocation shown on the Commercial Property Coverage Declarations, unless otherwise indicated:

| COVERAGE | LIMIT | DEDUCTIBLE |
|---|---:|:---:|
| ACCOUNTS RECEIVABLE | $100,000 | ** |
| BAILEES | $5,000 $2,500 PER ITEM | ** |
| BUSINESS INCOME & EXTRA EXPENSE INCLUDING NEWLY ACQUIRED LOCATIONS | ACTUAL LOSS SUSTAINED | NONE |
| DEBRIS REMOVAL | $25,000 | NONE |
| ELECTRONIC DATA PROCESSING EQUIPMENT | $25,000 | ** |
| EMPLOYEE DISHONESTY | $15,000 | ** |
| EMPLOYEE TOOLS | $5,000 | ** |
| FALSE PRETENSE COVERAGE FOR STOCK | WITHIN BUSINESS PERSONAL PROPERTY LIMIT | ** |
| FINE ARTS, COLLECTIBLES AND MEMORABILIA | $10,000 $2,500 PER ITEM | ** |
| FIRE DEPARTMENT SERVICE CHARGE | $5,000 | NONE |
| FORGERY AND ALTERATION | $10,000 | ** |
| MECHANICAL BREAKDOWN | $5,000 | ** |
| MONEY AND SECURITIES INSIDE PREMISES | $15,000 | ** |
| MONEY AND SECURITIES OUTSIDE PREMISES | $15,000 | ** |
| MONEY ORDERS AND COUNTERFEIT PAPER CURRENCY | $5,000 | ** |
| NEWLY ACQUIRED BUSINESS PERSONAL PROPERTY | $500,000 FOR 90 DAYS | ** |
| NEWLY ACQUIRED OR CONSTRUCTED PROPERTY | $1,000,000 FOR 90 DAYS | ** |
| ORDINANCE OR LAW | SEE COMMERCIAL PROPERTY DECLARATIONS | ** |
| OUTDOOR PROPERTY  TREES, SHRUBS OR PLANTS | $15,000 $1,000 PER ITEM | ** |
| RADIO OR TELEVISION ANTENNAS | $10,000 | ** |
| PERSONAL EFFECTS AND PROPERTY OF OTHERS | $15,000 | ** |
| POLLUTANT CLEAN UP AND REMOVAL | $25,000 | ** |
| PROPERTY IN TRANSIT | $25,000 | ** |

Auto-Owners Ins. Co.                                                                   Issued   12-26-2017

AGENCY   INSURANCE CENTER INC                              Company      POLICY NUMBER   175024-70545480-17
         24-0132-00         MKT TERR 116                   Bill                         70-50-AR-1712

INSURED  MASON'S AUTOMOTIVE COLLISION                                   Term   12-20-2017 to 12-20-2018

55198 (12-10)

### STANDARD GARAGE PROPERTY PLUS COVERAGE PACKAGE DECLARATIONS

| COVERAGE | LIMIT | DEDUCTIBLE |
|---|---|---|
| PROPERTY OFF PREMISES | $25,000 | ** |
| REFRIGERATED PRODUCTS | $10,000 | ** |
| SALESPERSON'S SAMPLES | $10,000 | ** |
| UTILITY SERVICES FAILURE | $50,000 | ** |
| VALUABLE PAPERS AND RECORDS ON PREMISES | $50,000 | ** |
| VALUABLE PAPERS AND RECORDS OFF PREMISES | $10,000 | ** |
| WATER BACK-UP FROM SEWERS OR DRAINS | $15,000 | NONE |

Forms that apply to this coverage part:
```
64014  (02-16)    54198  (12-10)    54194  (06-00)    54334  (12-10)    64020  (12-10)
54189  (12-10)    54186  (12-10)    54218  (03-13)    54217  (03-13)    54215  (06-00)
54216  (03-13)    54214  (03-13)    54222  (06-00)    54221  (12-10)    54220  (06-00)
54219  (12-10)    54338  (03-13)    54339  (03-13)    54862  (01-08)    64010  (12-10)
64000  (12-10)
```

**Coverages Provided**

Insurance at the described premises applies only for coverages for which a limit of insurance is shown.

### LOCATION 0001 - BUILDING 0001

Location: 4300 Towson Ave, Fort Smith, AR 72901-7955

Secured Interested Parties: None

**Rating Information**

Territory: 661                          County: Sebastian
Construction: Masonry                   Protection Class: 01
Class Code: 0933                        Specific Rate - Building:  0.106

| COVERAGE | COINSURANCE | DEDUCTIBLE | LIMIT | RATE | PREMIUM |
|---|---|---|---|---|---|
| BUILDING | | | $397,576 | | |
| Causes of Loss | | | | | |
| Basic Group I | 80% | $5,000 | | 0.129 | $513.00 |
| Basic Group II | 80% | $5,000 | | 0.241 | $958.00 |
| Special | 80% | $5,000 | | 0.075 | $298.00 |
| Theft | 80% | $5,000 | | | Included |
| OPTIONAL COVERAGE | | | | | |
| Inflation Guard Factor Building 1.004 | | | | | |
| Replacement Cost | | | | | |
| Garage Plus Coverage Package | | $5,000 | See 55198 (12-10) | | -$146.00 |
| Tier:  Standard | | | | | |
| Equipment Breakdown | | | Excluded | | |

| Auto-Owners Ins. Co. | | | | | Issued 12-26-2017 |
|---|---|---|---|---|---|
| AGENCY INSURANCE CENTER INC<br>24-0132-00    MKT TERR 116 | | | Company<br>Bill | POLICY NUMBER | 175024-70545480-17<br>70-50-AR-1712 |
| INSURED  MASON'S AUTOMOTIVE COLLISION | | | | | Term 12-20-2017 to 12-20-2018 |

| COVERAGE | COINSURANCE | DEDUCTIBLE | LIMIT | RATE | PREMIUM |
|---|---|---|---|---|---|
| ORDINANCE OR LAW | | | | | |
| Coverage A-Undamaged Portion | | $5,000 | Incl in Bldg Limit | | Included |
| Coverage B-Demolition | | $5,000 | $60,000 | | Included |
| Coverage C-Increased Cost | | $5,000 | $60,000 | | Included |

Forms that apply to this building:
| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 59351 | (01-15) | 54835 | (07-08) | IL0017 | (11-85) | 59372 | (06-07) | IL0003 (07-02) |
| 59373 | (07-05) | CP0090 | (07-88) | 54956 | (01-11) | 64000 | (12-10) | 64013 (12-10) |
| 64010 | (12-10) | 64020 | (12-10) | 64014 | (02-16) | 59392 | (01-15) | |

| COMMERCIAL PROPERTY COVERAGE - LOCATION 0001 SUMMARY | PREMIUM |
|---|---|
| TERRORISM - CERTIFIED ACTS   SEE FORM: 59351 | EXCLUDED |
| TERRORISM COVERAGE | |
| A PREMIUM CHARGE MAY BE MADE EFFECTIVE 01-01-21   SEE FORMS 54835, 59392 | |
| LOCATION 0001 | $1,915.00 |