UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NATHAN MASON; and MASON'S
AUTOMOTIVE COLLISION CENTER, LLC                                                                   PLAINTIFFS

v.                                        No. 2:20-cv-02022

AUTO-OWNERS INSURANCE
COMPANY; and BFF, LLC                                                                       DEFENDANTS

**OPINION AND ORDER**

Plaintiffs initiated this action in Sebastian County Circuit Court on January 15, 2020. Separate Defendant Auto-Owners Insurance Company ("Auto-Owners") removed the case on February 19, 2020, and filed an answer that same day. In response to allegations raised in Auto-Owners' answer, Plaintiffs filed an amended complaint on February 24, 2020 adding BFF, LLC ("BFF") as a named defendant. Plaintiffs then filed a motion (Doc. 11) to remand arguing that BFF is "a real party in interest" whose mandatory joinder destroys diversity.[1] Auto-Owners filed a response (Doc. 13) representing it does not oppose remand. The motion will be granted.

"When an action is removed from state to federal court, and 'after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court.'" *Bailey v. Bayer Crop Science L.P.*, 563 F.3d 302, 307-08 (8th Cir. 2009) (quoting 28 U.S.C. § 1447(e)). "[W]hen faced with an amended pleading naming a new nondiverse defendant in a removed case, [the court] should scrutinize that amendment more closely than an ordinary amendment." *Id.* (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). The Court is required

---

[1] Nathan Mason is a citizen of Arkansas. (Doc. 9, p. 1, ¶ 1). Brent Freuh, the sole member of BFF, is also an Arkansas citizen. (Doc. 16, p. 2, ¶¶ 5-6).

1

to consider "1) the extent to which joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether the plaintiff has been dilatory in asking for amendment, and 3) whether the plaintiff will be significantly injured if amendment is not allowed." *Id.* (internal alterations omitted).

Here, joinder of BFF does not appear to be a fraudulent attempt to circumvent diversity jurisdiction. Taking the allegations in the amended complaint as true, there is "arguably a reasonable basis for predicting that [Arkansas] state law might impose liability" on BFF. *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810-11 (8th Cir. 2003) (articulating test for whether a party is fraudulently joined for purposes of defeating diversity jurisdiction). Specifically, the allegations against Freuh appear to be plausible enough to state a viable breach of contract, bad faith, and/or fraud claim under Arkansas law. The first factor favors joinder and remand.

Second, Plaintiffs were not dilatory in amending their complaint. The amended complaint includes the same allegations against Brent Freuh present in the original complaint. Plaintiffs did not separately name Freuh in the original complaint because they believed Freuh to be an agent of Auto-Owners. After Auto-Owners' answer represented Freuh was not its agent, Plaintiffs immediately amended their compliant (as a matter of course under Fed. R. Civ. P. 15(a)(1)(B)) joining Freuh as a named party. Plaintiffs likely would have named Freuh in the original complaint had they known he was not an agent of Auto-Owners. The second factor also favors joinder and remand.

Finally, based on Auto-Owners' answer, it appears Plaintiffs would be significantly injured if the amendment is not allowed. Auto-Owners asserts that Freuh may be at fault for "some or all of the property damages complained of in plaintiffs' complaint." (Doc. 4, p. 6, ¶ 50). Assuming that to be true, Plaintiffs would obviously be significantly injured if not allowed to pursue their

claims against him. The third factor also favors remand.

After considering the relevant factors and the facts and circumstances of this case, the Court will permit joinder and remand this case to the Circuit Court of Sebastian County, Arkansas for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that the motion (Doc. 11) to remand is GRANTED and this matter is remanded to the Circuit Court of Sebastian County, Arkansas.

IT IS SO ORDERED this 11th day of March, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE